IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CYNTHIA JEAN LOTT, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO. |
| | ) _____ |
| v. | ) |
| | ) |
| DEE DEE NOEL ESTES, individually, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Cynthia Lott and brings this Complaint seeking damages against Defendant Dee Dee Noel Estes, pursuant to 42 U.S.C. §§ 1983 and 1988, as well as relief under Georgia law. This action arises from the unlawful search and seizure of the Plaintiff by Defendant Estes while employed as a police officer with the Brooklet Police Department.

## JURISDICTION AND VENUE

1. This action arises under the authority vested in this Court by virtue of 42 U.S.C. §§ 1983, 1988; 28 U.S.C. § 1331, and 28 U.S.C. § 1343, the Fourth and Fourteenth Amendments of the United States Constitution, and pendent jurisdiction to 28 U.S.C. § 1367.

2. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district and the Defendant resides in this judicial district and is a resident of Georgia.

## PARTIES

3. Plaintiff Cynthia "Cindy" Lott (hereafter sometimes "Lott")is a citizen and resident of Georgia and is over the age of 18 years.

4. Defendant DeeDee Noel Estes (hereafter sometimes "Estes") is a citizen and resident of Georgia, residing at 91 Mossy Oak Drive, Springfield, Georgia 31326 and was at all times pertinent to the allegations in this Complaint an officer with the Brooklet Police Department ("BPD") and acting in her capacity as a law enforcement officer for BPD.

## ANTE LITEM NOTICE

5. Ante litem notice presenting Plaintiff's claims to the City of Brooklet was issued in February 2021 and properly served upon the City of Brooklet.

6. The City of Brooklet acknowledged receipt of Plaintiff's ante litem notice and denied Ms. Lott's claim for damages associated with the facts set forth in the ante litem notice and this Complaint.

7. Attached hereto collectively as Exhibit A is a true and correct copy of the *ante litem* notice, proof of service of the ante-litem notice and the City's denial of liability.

## FACTS

8. On July 23, 2020, Plaintiff Cindy Lott left a friend's house on Union Church Road in Bulloch County, where she had been helping friends pack to move to a new home, and headed to get gas for her friend's pickup truck at the Pojo's gas station and truck stop located at 3575 Highway 301 S, Register, Bulloch County, Georgia.

9. When entering the parking lot of the gas station, Ms. Lott was pulled over by Deputy Aaron M. Cloyd of the Bulloch County Sheriff's Department because her friend's pickup that she was driving didn't have a current tag.[1]

10. During the traffic stop, Deputy Cloyd and other deputies who responded to the scene determined that there was probable cause to search Ms. Lott's friend's pickup truck for contraband.

11. During the search, deputies located drug related paraphernalia.

---

[1] Ms. Lott did not know the truck didn't have a current tag, until she was told by Deputy Cloyd.

12. Ms. Lott's friend who owned the truck, Robert Blair, arrived at the scene and advised deputies that anything found in the truck was his and not Ms. Lott's.

13. Nevertheless, having found drug related objects in the vehicle which Ms. Lott was driving, deputies decided Ms. Lott should be searched.

14. Deputies called for a female deputy, but, as none were working.

15. Defendant Estes, then a police officer with the Brooklet Police Department,[2] was dispatched to the scene of the traffic stop to search Ms. Lott.

16. Upon arrival, Defendant Estes spoke to deputies and then to Ms. Lott, telling Ms. Lott that she was going to search her.

17. At no time did Ms. Lott pose a safety threat to the law enforcement officers or anyone else at the scene of the traffic stop.

18. None of the law enforcement officers had any reason to believe Ms. Lott posed a reasonable threat of harm to any of them or others at the scene of the traffic stop.

---

[2] After the events giving rise to this lawsuit, Defendant Dee Dee Estes was fired from the Brooklet Police Department for misconduct and is no longer a law enforcement officer.

19. At no time did law enforcement officers, including Defendant Estes, believe that Ms. Lott possessed any dangerous weapon or instrumentality on her person requiring a strip search or body cavity search at the scene of the traffic stop.

20. At any time after law enforcement officers, including Defendant Estes, decided to search Ms. Lott, they could have taken Ms. Lott to a safe and secure location to conduct an invasive search of her person, including strip or body cavity search.

21. Prior to beginning the search, Defendant Estes did not take Ms. Lott to a private location to be searched, to protect her privacy.

22. Defendant Estes did not take Ms. Lott to a bathroom in the truck stop or even behind the door of a patrol vehicle to conduct the search.

23. Defendant Estes did not take any reasonable steps to ensure Ms. Lott's reasonable rights to privacy were protected.

24. Rather, Defendant Estes stated that she was going to have the male deputies step a few feet back.

25. Defendant Estes ordered that Ms. Lott to stand in front of Deputy Cloyd's patrol vehicle, towards the dash camera in the patrol car.

26. Ms. Lott complied with instructions from law enforcement officers at the scene, at all times.

27. Defendant Estes then had Ms. Lott pull down her shirt and bra, thereby exposing her bare chest and breasts fully in public.[3]

28. Defendant Estes ordered Ms. Lott to bend down and cough and then cough again, harder.

29. Defendant Estes then stuck her hands into Ms. Lott's shorts and felt inside her shorts and into private areas of Ms. Lott's body inside her shorts.

30. In doing so, Defendant Estes made contact with Ms. Lott's buttocks and her vagina with her fingers.

31. Defendant Estes had Ms. Lott bend over the hood of the police car.

32. Defendant Estes pulled Ms. Lott's shorts down exposing her buttocks and genitals in public.

33. Defendant Estes reached inside Ms. Lott's opened shorts (Ms. Lott did not have any underwear on), touching her skin inside her pants in the front and the rear of her shorts.

---

[3] The events described, including most of the unlawful and humiliating strip and body-cavity search of Ms. Lott by Defendant Estes was recorded by body-worn cameras and Deputy Cloyd's dash camera in his patrol vehicle.

34. Defendant Estes spread apart Ms. Lott's buttocks and placed her fingers in the crack of Ms. Lott's bottom.

35. Defendant Estes also penetrated Ms. Lott's vagina with one or more of her fingers.

36. The body-cavity search was conducted in public, in view of deputies and civilians in the truck stop parking lot.

37. The deputies in front of whom Ms. Lott's private body, including her buttocks, anus and genitals were exposed were male.

38. A truck driver who was at the truck stop that evening came forward because he was shocked at what happened and states that he saw what happened when Ms. Lott was searched in that public setting. A copy of the declaration of Larry Higgs is attached as Exhibit B.

39. Neither the strip-search nor the body-cavity search of Ms. Lott by Defendant Estes revealed any contraband of any kind.

40. Defendant Estes then spoke with Ms. Lott and the deputies for a moment then turned to leave, telling the deputies to "have fun."

## COUNT I

**UNREASONABLE SEARCH AND SEIZURE UNDER FEDERAL AND STATE LAW**

41. As set forth in the facts recited above, the public search of Cindy Lott's breasts, buttocks, anus and genitals and exposure of Ms. Lott's breasts, buttocks and genital area to public view was unreasonable under the Fourth Amendment to the United States Constitution.

42. Defendant Estes violated clearly established law; no reasonable officer could have believed that it was lawful to strip search Ms. Lott in public and expose her breasts, buttocks, anus or genital area to public view.

43. The manner in which the strip search was conducted was unreasonable.

44. Defendant Estes violated clearly established law; no reasonable officer could have believed that it was lawful to put her fingers inside Ms. Lott during a body-cavity search in public.

45. The manner in which the body cavity search was conducted was unreasonable.

46. Defendant Estes acted with reckless, deliberate and callous indifference to Mr. Lott's constitutionally protected rights.

47. The actions of Estes described above constituted an unreasonable search and seizure in violation of the protections of the Georgia Constitution (Ga. Const. art. I, § I, para. XIII).

48. As a result of the foregoing, Defendant Estes is liable to Ms. Lott, in her individual capacity.

## COUNT II

### ABUSE IN BEING ARRESTED UNDER GEORGIA CONSTITUTION

49. Defendant Estes' conduct described above constitutes a breach of the Georgia Constitution proving that no person should be abused in being arrested or while under arrest. *See* Ga. Const. art. I, § I, ¶ XVII.

50. As a result of the foregoing, Defendant Estes is liable to Ms. Lott, in her individual capacity.

## COUNT III

### PUNITIVE DAMAGES

51. Defendant Estes' acts set forth herein were willful, wanton, malicious and so extreme and oppressive as to entitle Cindy Lott to an award of punitive damages against her, individually.

## COUNT IV

### ATTORNEY'S FEES

52. Ms. Lott seeks attorney's fees against Defendant Estes, pursuant to 42 U.S.C. § 1988 for her claims under federal law.

53. Ms. Lott also seeks attorney's fees against Defendant Estes, pursuant to O.C.G.A. § 13-6-11, as the Defendant has acted in bad faith, been stubbornly litigious and have caused the Plaintiff unnecessary trouble and expense.

### PRAYER FOR RELIEF

On the basis of the foregoing, Plaintiff respectfully prays that this Court:

a. Assume jurisdiction over this action;

b. Award Plaintiff actual damages, including compensation for physical pain and injury, mental anguish, and emotional distress;

c. Award Plaintiff general damages in an amount to be determined by the jury;

d. Award Plaintiff nominal damages for violations of Plaintiffs' constitutional rights;

e. Award Plaintiffs punitive (exemplary) damages against the individual Defendants, to the extent permitted by federal and state law;

f.  Declare that Defendant Estes violated Plaintiff's rights under the United States Constitution;

g.  Award Plaintiffs attorney's fees and costs under 42 U.S.C. § 1988, 28 U.S.C. §1920, O.C.G.A. § 13-6-11 and any other applicable provision of law;

h.  Trial by jury; and,

i.  Award the Plaintiff such other and further relief as is just and proper.

This 10th of May, 2022.

                                        ISENBERG & HEWITT, P.C.

                                        */s/ Mark B. Bullman*
                                        Georgia Bar Number 094376

                                        */s/ Melvin L. Hewitt*
                                        Georgia Bar Number 350319

600 Embassy Row, Suite 150
Atlanta GA 30328
(770) 351-4400
mark@isenberg-hewitt.com
mel@isenberg-hewitt.com

                                        Gautreaux Law, LLC

                                        */s/ Jarome E. Gautreaux*
                                        Georgia Bar Number 297336

778 Mulberry Street
Macon, GA 31201
(478) 238-9758
jarome@gautreauxlawfirm.com       **ATTORNEYS FOR PLAINTIFFS**